**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
NAQUAN MILES,

         Plaintiff,

 -against-

THE CITY OF NEW YORK, a municipal entity,
NYPD POLICE OFFICER RYAN LATHROP
#7736, and NYPD POLICE OFFICERS
"John Does 1-11,"

         Defendants.
------------------------------------------------------------X

INDEX#:
ECF CASE

JURY TRIAL DEMANDED

COMPLAINT

   Plaintiff NAQUAN MILES, by his attorney, Wylie M. Stecklow, of Stecklow & Thompson, complaining of the defendants, respectfully alleges as follows:

**I. PRELIMINARY STATEMENT**

   1. Plaintiff NAQUAN MILES brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, for violations of his civil rights, as said rights are secured by federal statutes and the Constitution of the United States. Plaintiff also asserts causes of action under state law against all defendants.

   2. On July 28, 2014, Mr. MILES was near Times Square in the heart of New York City, when he was approached by Defendant NYPD Police Officer RYAN LATHROP ("Defendant LATHROP"). The Officer, without justification, accused Plaintiff of an offense that he did not commit. Without cause, Defendant LATHROP physically accosted Mr. MILES, handcuffed Mr. MILES, put his hands in the pockets of Mr. MILES, grabbed the Plaintiff's phone from the hand of plaintiff's friend, and then knocked the plaintiff to the ground. Eventually, more than ten (10) police officers conferred with Defendant LANTRHOP and Mr.

1

MILES was removed from the scene and transported to the Police Precinct and detained him for an extended period of time. While Plaintiff was in police custody, defendant LANTRTHOP subjected Mr. MILES to verbal harassment for complaining about the injuries Mr. MILES suffered when Defendant LATHROP inexplicably threw Mr. MILES to the ground. Eventually, Mr. MILES was transported by NYPD to Bellevue Hospital, before being arraigned and released. Mr. MILES returned to criminal court a number of times before being found not guilty of any criminal charge or offense.

## II. JURISDICTION & VENUE

3. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

4. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

5. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

6. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(b) because the claims arose in this district.

7. The Plaintiff has complied with N.Y. General Municipal Law §50-E by serving a notice of claim upon the Defendants within ninety (90) days of the date of the incident. More than 30 days have elapsed since said claim was presented and the claim has not been satisfied.

## III. JURY DEMAND

8. The Plaintiff respectfully demands a trial by jury of all issues in this matter.

## IV. THE PARTIES

9. NAQUAN MILES is an African american male who lives in Bronx County, New York.

10. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. Defendant THE CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

12. That at all times hereinafter mentioned, Defendant POLICE OFFICER LATHROP, and the Defendant POLICE OFFICERS "John Does 1-11" ("The Defendant POLICE OFFICERS") were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties. Plaintiff NAQUAN MILES sues the Defendant POLICE OFFICERS in both their official and individual capacities.

13. Plaintiff NAQUAN MILES will amend this complaint to name the Defendant POLICE OFFICERS "John Does 1-11" as their identities can be established to a reasonable certainty.

14. That at all times relevant to this action, the Defendant POLICE OFFICERS either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

15. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

16. Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting within the scope and in furtherance of their employment by Defendant THE CITY OF NEW YORK.

**V.     FACTS COMMON TO ALL CLAIMS**

17. At approximately 6:30 PM on July 28, 2014, Plaintiff was near Times Square, New York, N.Y. in the vicinity of 729 Seventh Avenue.

18. Defendant LATHROP approached the sidewalk near where Plaintiff was standing with a friend and stood approximately eight (8) feet from them. In between Defendant LATHROP and Plaintiff were a handful of people and a tall orange traffic barrier cone.

19. Plaintiff pulled out his telephone and held it in the direction of Defendant LATHROP as if he was photographing or videotaping Defendant LATHROP.

20. Defendant LATHROP was approached to take a photograph with what appeared to be visiting tourists.

21. Immediately thereafter, Defendant LATHROP approached the plaintiff, walking around the orange traffic barrier/cone.

4

22. Defendant LATHROP put his hands into the pockets of Plaintiff, and pulled out a juice bottle that was neither open nor in plain view, and claimed it contained alcohol.

23. When plaintiff stated that the bottle was not in plain view and did not contain alcohol, Defendant LATHROP stated in sum and substance, "it is in plain view now."

24. Plaintiff handed his phone to his friend with whom he was standing; who continued to take video of the incident between Plaintiff and Defendant LATHROP.

25. Defendant LATHROP then looked towards Plaintiff's phone, being held by his friend, and stated, "is this your phone …"

26. At the same time as making that statement, Defendant LATHROP lunged towards the phone, grabbed it out of the hand of Plaintiff's friend knocking the phone to the ground.

27. Defendant LATHROP then put the phone on the orange traffic barrier/cone and placed handcuffs on the plaintiff.

28. Defendant LATHROP then tackled Plaintiff to the ground and placed him on the curb of Seventh Avenue just north of Times Square. This curb was often used as the stopping point for BIG BUS TOUR BUSES.

29. Due to the tackle Defendant LATHROP caused Plaintiff to suffer injuries and abrasions to his face, cheek, shoulder,

30. Over the course of the next fifteen (15) minutes, no less than eleven (11) officers came and surrounded Plaintiff while he sat on the curb, including one white shirt supervising officer.

31. Upon information and belief, each of these officers spoke with Defendant LATHROP.

32. Plaintiff had not committed any crime or offense.

33. Nonetheless, none of these eleven (11) Defendant John Doe Police Officers intervened in the unlawful and unconstitutional detention and arrest of Plaintiff.

34. The Officers applied handcuffs tightly around Plaintiff's wrists, causing Plaintiff significant pain.

35. The Officers transferred Plaintiff to the Police Precinct.

36. Plaintiff was held in Defendants' custody for approximately twenty-four hours before being arraigned and released on his own recognizance.

37. While still in police custody, Plaintiff was brough to Mt. Sinai Roosevelt Hospital due to the injuries he sustained at the hands of Defendant LATHROP.

38. Plaintiff went to trial, at which Defendant LATHROP testified.

39. The Plaintiff was found not guilty of any and all charges at trial.

40. As a result of the Defendants' conduct, Plaintiff suffered physical pain and injury for which he continues to receive medical attention, anxiety, sadness as well as other mental and emotional harms that continued after his release.

FIRST CAUSE OF ACTION

FALSE ARREST AND IMPRISONMENT

AGAINST ALL DEFENDANTS

41. The Plaintiff restates all allegations of this Complaint herein.

42. The Plaintiff was seized and confined by the Defendants, without legal justification.

43. The Plaintiff was aware of his confinement.

44. As a result, the Plaintiff was harmed.

45. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## ASSAULT AND BATTERY
## AGAINST ALL DEFENDANTS

46. The Plaintiff restates all allegations of this Complaint herein.

47. Defendants intentionally threatened imminent, offensive, and harmful contact with Plaintiff.

48. Defendants intentionally made bodily contact with Plaintiff in a manner that was offensive in nature.

49. Defendants made such bodily contact with Plaintiff without Plaintiff's consent.

50. Defendants made such bodily contact with Plaintiff without privilege to do so.

51. As a result, Plaintiff was harmed.

52. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

## THIRD CAUSE OF ACTION

## RESPONDEAT SUPERIOR AGAINST
## DEFENDANT THE CITY OF NEW YORK

53. The Plaintiff restates all allegations of this Complaint herein.

54. The Defendant Police Officers were at all times acting within the scope of their employment as employees of Defendant THE CITY OF NEW YORK.

55. The actions of the Defendant Police Officers were generally foreseeable and a natural incident of their employment by Defendant THE CITY OF NEW YORK.

56. As a result of the actions of the Defendant Police Officers, the Plaintiff was harmed.

57.     Defendant THE CITY OF NEW YORK is liable for the actions of the Defendant Police Officers.

58.     The Plaintiff is entitled to compensatory damages from Defendant THE CITY OF NEW YORK in an amount to be determined at trial, together with attorneys' fees and costs.

FOURTH CAUSE OF ACTION

NEGLIGENT HIRING AND RETENTION AGAINST
DEFENDANT THE CITY OF NEW YORK

59.     The Plaintiff restates all allegations of this Complaint herein.

60.     Defendant THE CITY OF NEW YORK failed to use reasonable care in the hiring and retention of the Defendant Police Officers.

61.     Defendant THE CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the Defendant Police Officers to engage in the wrongful conduct heretofore alleged in this Complaint.

62.     As a result, the Plaintiff was harmed.

63.     The Plaintiff is entitled to compensatory damages from Defendant THE CITY OF NEW YORK in an amount to be determined at trial, together with attorneys' fees and costs.

FIFTH CAUSE OF ACTION

NEGLIGENT TRAINING AND SUPERVISION AGAINST
DEFENDANT THE CITY OF NEW YORK

64.     The Plaintiff restates all allegations of this Complaint herein.

65.     Defendant THE CITY OF NEW YORK failed to use reasonable care in the hiring and retention of the Defendant Police Officers.

66.     Defendant THE CITY OF NEW YORK failed to use reasonable care in the training and supervision of the Defendant Police Officers, permitting and enabling them to engage in the wrongful conduct heretofore alleged in this Complaint.

67. As a result, Plaintiff was harmed.

68. The Plaintiff is entitled to compensatory damages from Defendant THE CITY OF NEW YORK in an amount to be determined at trial, together with attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE AGAINST ALL DEFENDANTS

69. The Plaintiff restates all allegations of this Complaint herein.

70. Defendants, as a result of having Plaintiff in their custody, owed a duty to Plaintiff to prevent him from being subjected to assault and battery, and violating Plaintiff's constitutional rights in the manner described herein.

71. Defendants breached this duty, by allowing Plaintiff to be subject to the assault, battery, and violations of his constitutional rights, in the manner described herein.

72. The Defendants' breach of their duties owed to Plaintiff was the direct and proximate cause of Plaintiff's physical and mental injuries.

73. The Plaintiff is entitled to compensatory damages in an amount to be determined at trial, together with attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

74. The Plaintiff restates all allegations of this Complaint herein.

75. Defendant THE CITY OF NEW YORK and its agents, servants and employees, including but not limited to, the Defendant Police Officers, deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

76. All of the aforementioned acts of the Defendant Police Officers were carried out under the color of state law.

77. The acts complained of were carried out by the Defendant Police Officers in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

78. The acts complained of were carried out by the Defendant Police Officers in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant THE CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

79. The Defendant Police Officers, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

80. As a result of the above constitutionally impermissible conduct, the Plaintiff was caused to suffer harm.

81. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. §1983 ARISING FROM WARRANTLESS ARREST AND IMPRISONMENT WITHOUT PROBABLE CAUSE

82. The Plaintiff restates all allegations of this Complaint herein.

83. The Individual Defendants arrested Plaintiff without warrants.

84. The Individual Defendants arrested Plaintiff without having probable cause to do so.

85. As a result of the above constitutionally impermissible conduct, the Plaintiff was caused to suffer harm.

86. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

### NINTH CLAIM FOR RELIEF

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §1983 ARISING FROM DEFENDANTS' FAILURE TO INTERVENE

87. The Plaintiff restates all allegations of this Complaint herein.

88. Each of the Defendant Police Officers had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of Plaintiff's constitutional rights.

89. The Defendant Police Officers failed to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

90. The Defendant Police Officers failed to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights despite having substantially contributed to the circumstances within which the Plaintiff's rights were violated by their affirmative conduct.

91. As a result of the aforementioned conduct of the individual defendant, Plaintiff's constitutional rights were violated.

92. As a result, Plaintiff was harmed.

93. Plaintiff demands compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

### TENTH CLAIM FOR RELIEF

### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

94. Plaintiff restates all allegations of this Complaint herein.

95. Defendant LATHROP swore to a false criminal complaint against Plaintiff.

96. Defendants misrepresented and falsified evidence before the New York County District Attorney.

97. Defendants did not make a complete and full statement of facts to the New York County District Attorney.

98. Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against Plaintiff.

99. Defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff.

100. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

101. Plaintiff was forced to undergo a criminal trial in order to defend himself.

102. Plaintiff demands judgment against Defendants in a sum of money to be determined at trial, together with attorney's fees and costs.

ELEVENTH CLAIM FOR RELIEF

MALICIOUS PROSECUTION UNDER NEW YORK LAW

103. Plaintiff restates all allegations of this Complaint herein.

104. Defendant LATHROP swore to a false criminal complaint against Plaintiff.

105. Defendants misrepresented and falsified evidence before the New York County District Attorney.

106. Defendants did not make a complete and full statement of facts to the New York County District Attorney.

107. Defendants were directly and actively involved in the initiation and continuation of criminal proceedings against Plaintiff.

108. Defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff.

109. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

110. Plaintiff was forced to undergo a criminal trial in order to defend himself.

111. Plaintiff demands judgment against Defendants in a sum of money to be determined at trial, together with attorney's fees and costs.


WHEREFORE it is respectfully requested that the Court:

[a] Award appropriate compensatory and punitive damages.

[b] Empanel a jury.

[c] Award attorney's fees and costs.

[d] Award such other and further relief as the Court deems to be proper and in the interests of justice.

DATED:	New York, New York
	October 21, 2015

                                                Respectfully submitted,

                                                _____//s//_____
                                                WYLIE M. STECKLOW, ESQ.
                                                Stecklow & Thompson
                                                ATTORNEYS FOR PLAINTIFF
                                                217 Centre Street – Floor 6
                                                New York, New York 10013
                                                [212] 566-8000
                                                [212] 202-4952/FAX